## The Attorney-General of the State of Illinois v. The Newberry Library.

1. TRUSTS—*Construction of Instruments Creating.*—It is one of the well recognized functions of a court of equity, whenever there is any *bona fide* doubt as to the true meaning of an instrument creating a trust, at the suit of the trustee brought for that purpose, to give a judicial con

struction to the instrument and direction to the trustee as to his powers and duties thereunder.

2. TRUSTS—*Public Interests— Attorney-General a Proper Party.*— Where the public is interested in the execution of a trust, the attorney-general is the proper party, either plaintiff or defendant, as the representative of the public.

5. ESTATES—*Limitations in Wills, upon Leases, etc., do not Continue after the Estate has Passed from the Trustees.*—The limitations in a will as to the length of time for which leases of real property are to be made and the restrictions upon the character of investments to be made by the trustees of the will, do not continue after the property has passed out of the hands and control of such trustees.

**Memorandum.**—Bill to construe a will. Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

### STATEMENT OF THE CASE.

This suit was brought in the Circuit Court of Cook County by the Newberry Library, a corporation organized under the laws of the State of Illinois, against the Attorney-General of the State of Illinois, to obtain the instruction and direction of a court of chancery as to whether certain limitations on the power of the trustees of the estate of Walter L. Newberry, deceased, limiting the powers of said trustees during the administration and management of the said trust, continue to exist as limitations after the distribution of said estate, and what is the effect upon the provisions of said will, imposing such limitations, of section 4 of the act of the legislature of the State of Illinois, entitled "An act to encourage and promote the establishment of free public libraries in cities, villages and towns of this State, approved June 17, 1891, in force July 1, 1891."

Walter L. Newberry, of the city of Chicago, county of Cook and State of Illinois, died in November, 1868, leaving a last will and testament, which was subsequently admitted to probate in the County Court of Cook County, Illinois, and by the terms of which will Mark Skinner and Eliphalet W. Blatchford were appointed as trustees to control and manage said estate left to said trustees, until the final distribution thereof, as directed by said will.

Among the powers given to said trustees while managing and administering said trust, was the power to make leases of the real estate belonging to said trust, for terms not exceeding twenty years. The clause limiting such power is as follows:

"If, in the opinion of my said trustees, it would be for the best interest of my estate, in order to secure valuable improvements to be made upon any unimproved lot or land belonging to my estate, to lease said lot or lands for a longer period than five years, then my will is and I hereby direct, that my said trustees lease and demise the same for any period longer than five years, but not exceeding the period of twenty years, as they may see fit."

Another limitation on the power of the trustees, is the limitation directing what investments shall be made by the said trustees, and is as follows:

"In making investment of money that may from time to time come into the hands of my trustees, etc., it is my wish, and I direct that my said trustees invest the same, either in the securities of the United States of America, or of the State of Illinois, or of the county of Cook, or of the city of Chicago, or in loans secured by bond or mortgage on good, improved, unincumbered real estate in the city of Chicago, worth in their judgment at least twice the amount of the money loaned and secured thereon; the land to be worth without improvement, at least as much as the amount loaned upon such improved property; it being my intention that my said trustees may invest in any or all of said securities as they may see fit, but in none other; and in purchasing bonds of the United States, State of Illinois, county of Cook or city of Chicago, to pay therefor the market price at the time and times of making such purchase."

By the terms and provisions of said will, the time for final distribution and division of the estate of said decedent was postponed until the death of the widow and two daughters of said decedent, and the provisions of said will relative to the founding of a free public library were contingent upon the death of the two daughters of the said de-

cedent, without lawful issue.    Until such final distribution and division of said estate, the said trustees were directed to hold, manage, control and administer the said estate, subject to the directions and limitations contained in said will, for the administration of said trust; and upon such final distribution the trustees were directed to convey the said estate to the said devisees and beneficiaries who should be entitled thereto at the time of such distribution.

Subsequently the two daughters of said decedent died without leaving issue; thereafter the widow of said decedent also died, and the time arrived for the distribution of the estate of said decedent, and such distribution was made as directed in said will.    At the time of such distribution Eliphalet W. Blatchford was the sole surviving and acting trustee under said will of Walter L. Newberry, deceased, and as such trustee he held the title to a large number of lots, pieces and parcels of land, located in the city of Chicago, county of Cook, and State of Illinois, and a large amount of personal property, and upon such distribution one-half part of said estate was conveyed to the devisees entitled thereto by the terms of said will, and one-half part thereof was set apart and applied by the said Eliphalet W. Blatchford, as sole surviving trustee under the will of Walter L. Newberry, deceased, toward the purposes designated in said will, namely, to the founding of a free public library in the north division of the city of Chicago, county of Cook and State of Illinois.

On June 17, 1891, an act was passed by the legislature of the State of Illinois, entitled "An act to encourage and promote the establishment of free public libraries in cities, villages and towns of this State, approved June 17, 1891, in force July 1, 1891."

For the purpose of carrying out the object aforesaid, as designated in said will, namely, the founding of a free public library in the north division of the city of Chicago, County of Cook and State of Illinois, the said Eliphalet W. Blatchford, sole surviving trustee under the said will of Walter L. Newberry, deceased, caused the Newberry

Library to be organized under the act aforesaid, on April 13, 1892, and conveyed to the said corporation, the Newberry Library, all the real estate and personal property before that time by him set apart for the purpose aforesaid, and the same was accepted by said corporation.

This was done under the provisions of the will as to the founding of a free public library, which are as follows:

"The other share of my estate shall be applied by my said trustees, as soon as the same can consistently be done, to the founding of a free public library, to be located in that portion of the city of Chicago now known as 'the North Division.' And I do hereby authorize and empower my said trustees to establish such library, on such foundation, under such rules and regulations for the government thereof, appropriate such portion of the property set apart for such library, to the erection of proper buildings and furnishing the same, and such portion to the purchase and procurement of books, maps, charts and all such other articles and things as they may deem proper and appropriate for a library, and such other portion to constitute a permanent fund, the income of which shall be applicable to the purpose of extending and increasing such library; hereby fully empowering my said trustees to take such action in regard to such library as they may judge fit and best, having in view the growth, preservation, permanence and general usefulness of such library."

Section four of the said act of the legislature of the State of Illinois, is as follows:

"Organizations formed under this act shall be bodies corporate and politic, to be known under the names stated in the respective certificates or articles of incorporation, and by such corporate names they shall have and possess the ordinary rights and incidents of corporations and shall be capable of taking, holding and disposing of real and personal estate for all purposes of their organization. The provisions of any will, deed, or other instrument by which endowment is given to said library and accepted by said trustees, managers or directors, shall, as to such endow-

ment, be a part of the organic and fundamental law of such corporation," etc.

By reason of the said section of the statute and the provisions of the said will and codicil, the power of the Newberry Library to give leases of its real estate for terms in excess of twenty years has been questioned, and although it has had frequent applications for such leases, it is embarrassed by such question and can not negotiate therefor, and can not obtain such large rentals as it might obtain were it not for such question as to its powers; and it has been compelled to decline to negotiate with parties desiring such leases who would be willing to pay large rentals, were such doubt as to its power removed.

The said corporation has also from time to time had opportunity to make desirable investments other than those set forth in said will and is unable to take advantage of the same and negotiate therefor by reason of doubt as to its powers as set forth in said will, and thereby it has lost and will continue to lose large profits and gains to the charitable use of the charity it represents.

The bill, therefore, asked the instructions and directions of the court in the premises, that it might be adjudged that such limitations on the powers of the trustees to make leases to periods of twenty years, and the limitations on the powers of the trustees to make investments as set forth in said will, were temporary and incidental only, and were only designed to control the trustees under said will during the continuance and management of said trust, and ceased to exist on the final distribution of said estate; and that when the said property was conveyed to the Newberry Library, the Newberry Library received and took the same free of and discharged from the said limitations, and that such limitations being only temporary, did not become a part of the organic and fundamental law of the Newberry Library.

The attorney-general of the State of Illinois being duly served with a copy of said bill entered his appearance and filed a general demurrer. Subsequently the demurrer was overruled and a decree was entered whereby the court found the complainant entitled to relief, and declared that accord-

ing to a true construction of the will of Walter L. Newberry, deceased, the limitations therein, whereby the trustees were only authorized to make leases for periods not exceeding twenty years, and whereby the trustees were limited to the investments specified in said will, were confined to the period of the administration and management of the trust confided to said trustees, and continued only up to the final distribution and division of the estate of said decedent and no longer; and that upon the organization of the Newberry Library under the act of legislature entitled "An act to encourage and promote the establishment of free public libraries in cities, villages and towns, approved June 17, 1891, and in force July 1, 1891," and the conveyance to the said corporation by Eliphalet W. Blatchford, surviving trustee under the said will, of the one-half part of the property applied and set apart for the founding of a free public library, the said provisions of the said will limiting the power of the trustees under the said will to make leases of real estate of said decedent for periods of twenty years, and the limitation on the power of said trustees to make investments as specified in said will only, ceased to exist, and did not become parts of the organic and fundamental law of the said corporation. The court, therefore, ordered, adjudged and decreed that the said complainant holds the estate and property conveyed and transferred to it by Eliphalet W. Blatchford, surviving trustee, under the will of Walter L. Newberry, deceased, and the proceeds thereof, free from the restrictions and limitations contained in said will and codicil relative to leases and investments, and that said complainant has the same powers over said estate and the proceeds thereof, that it would have if the restrictions in said will and codicil in regard to leases and investments, did not exist. The attorney-general, plaintiff in error, brings this writ of error to this court.

M. T. MOLONEY, Attorney-General, T. J. SCOFIELD and MARTIN L. NEWELL, for plaintiff in error.

DAVID FALES, attorney for the defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is one of the well recognized functions of courts of equity, wherever there is any *bona fide* doubt as to the true meaning of an instrument creating a trust, to, at the suit of the trustees brought for that purpose, give a judicial construction to the instrument, and direction to the trustee as to his powers and duties thereunder. Attorney-General v. Haberdasher's Co., 1 Vesey, Jr., 295; In re Shaw's Trusts, L. R. 12 Eq. 124; Perry on Trusts, Sec. 746; Pomeroy's Eq. Juris., Secs. 1064, 1156; Bailey v. Briggs, 56 N. Y. 407.

Where the public is interested in the execution of a trust, the attorney-general is the proper party, either plaintiff or defendant, as the representative of the public. Barbour on Parties, 468–661; Tudor's Law of Charitable Uses, 161; Perry on Trusts, Sec. 773; Hunt v. The Chicago and Dummy Railroad Co., 20 Ill. App. 282–290; Jackson v. Phillips, 14 Allen, 539; Fund Association v. Beckman, 21 Barb. 565.

The principal question presented in this case is whether the limitation as to the length of time for which leases of real property and the restrictions upon the character of investments to be made by the trustees of the will, continue after the property has passed out of the hands and control of such trustees.

By the will the estate was divided, substantially, into two principal shares or classes. One of these was after the happening of certain events to be distributed to various individuals, relatives of the testator; the other share of the estate was to be applied by his trustees to the founding of a free public library.

The testator foresaw that, as happened, a considerable number of years might elapse before his trustees could distribute the estate in accordance with the provisions of the will, and he also realized that the arrival of the period of distribution was uncertain and might come within the term of twenty years.

In order, therefore, to provide that the title to real estate when divided at the period of distribution, should not be

incumbered by too long leases, he, while giving in many respects the most ample powers of distribution to his trustees, restricted them, in the matter of leasing, to the making of leases for a period not exceeding twenty years. And foreseeing the desirability that the personal part of the estate should, at the arrival of the time for distribution, consist of readily convertible assets, having a well recognized market value, he provided that the trustees of the will should make investments of only certain kinds.

The numerous individuals who were the objects of the testator's bounty, it is manifest, take at the distribution of the estate an absolute ownership, free of any control of the trustees, but take the distributed estate in the condition in which the trustees, in accordance with the terms of the will, have placed it.

So, too, the share to be applied for the founding of a free public library, when so applied, was to belong absolutely to such library, freed from all control of the trustees appointed to execute the will.

The trustees under the will had two things to do, viz.: To manage and to distribute the estate; when the appointed time for distribution came, and the estate was distributed, their functions as trustees of the will ended.

In accordance with the will, they have given over the share to be used for the founding of a free public library to a corporation created for the purpose of receiving such share and administering it in accordance with the testator's direction in that regard. There is in the will no provision as to how any of the individuals who took under this will were to manage their portions, and there is no direction as to the manner in which the property devoted to the founding of a free public library is to be managed; the setting apart of a portion as a permanent fund to provide an income for the purpose of extending and increasing the library is mentioned, but no directions as to its amount or management are given.

The provisions of the will limiting leases of lands to twenty years and the restrictions as to the character of investments, are applicable to the entire estate; they affect

the shares of individuals as much as the share devoted to library purposes. Such provisions have nothing to do with any portion of the estate after its distribution by the trustees of the will.

Section four of the act under which appellee became an incorporated entity, does not add to the duties of the trustees of this will; it does make the clause of said will providing for the founding of a free public library a part of the law of appellee's being, and appellee, under the provisions of said section four, can not transform the library into a book repository, not free, or remove it from the north division of the city of Chicago. It is bound to effectuate the testator's desires in this regard; it is not bound in the management of its income fund to pay heed to the restrictions put upon the trustees from whom, in the due course of administration, it received the fund.

The decree of the Circuit Court entered upon the overruling the demurrer of the attorney-general to the bill is affirmed.