## Milligan et al. v. Nelson.

1. Nuisances—*Smoky Chimneys—Injunctions.*—An injunction which restrains a defendant at all times from permitting dense smoke to be emitted from his chimneys, where it is obvious that the smoke could do no harm to the complainant when the wind blew it away from him, is too broad.

2. Law—*Administration of Must be Practical.*—The administration of the law should be practical—adapted to the conditions and necessities of civilization. Courts do not exist for their own sake, but as adjuncts to, and safeguards of, the interests of the great body of the people who do the actual work of the world.

Waterman, J., dissenting.

3. Nuisances—*Smoke and Soot.*—The casting of smoke and soot into and upon the premises of another, to the injury of his furniture and draperies, and the physical annoyance and discomfort of his family, is a nuisance, and persons are entitled to be protected therefrom.

**Memorandum.**—Bill for an injunction. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

G. W. & J. T. KRETZINGER, attorneys for appellants.

APPELLEE'S BRIEF, WOLSELEY & HEATH, ATTORNEYS.

Dense smoke is a nuisance which can be restrained by a court of equity. A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another. (3 B. L. Com. 216.) Any unwarrantable, unreasonable, or unlawful use, by a person, of his own property, real or personal, to the injury of another, comes within the definition stated. Laflin v. Tearney, 131 Ill. 326; Calef v. Thomas, 81 Ill. 480; Ottawa Gas Co. v. Thompson, 39 Ill. 600.

Whatever is offensive physically to the senses, and by such offensiveness makes life uncomfortable, is a nuisance. Wahle v. Reinbach, 76 Ill. 327; Seacord v. People, 22 Ill. App. 281.

The nuisance complained of in this case is both a public and a private one; public as to all who may come within its range, and private as to the appellee, who suffers a special injury, owing to the proximity of his home and property to the nuisance.

The doctrine now is, that a nuisance may be at the same time both public and private. The use of a steam engine in a crowded street may be a public nuisance. But in the case where the smoke from it also injured the goods in a man's shop, and made his dwelling uncomfortable, it was held to be such a private nuisance as would give him a right of action. Wylie et al. v. Elwood, 134 Ill. 287.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants are lessees and operators of an eight-story hotel on Fifty-first street, and the appellee has a fine residence about one hundred feet south of the hotel.

He complains that from the chimneys of the hotel the appellants permit dense smoke, dust and soot to issue, to the great annoyance and discomfort of himself and family and to the great damage of his furniture, etc. He filed this bill to enjoin them, and on the hearing the court by

Milligan v. Nelson.

decree perpetually enjoins them, "their agents, servants and employes, from permitting or allowing dense smoke to be emitted from any of the chimneys of the" hotel.

The cause was heard by agreement upon the affidavits, on both sides, filed upon the application for a temporary injunction and the bill and answer, no replication appearing in the record. As to the evidence it may fairly be said that everything as to the actual nuisance by smoke is denied with as much emphasis, and with as great a volume of testimony by one side, as it is alleged by the other.

The administration of the law should be practical—adapted to the condition and necessities of civilization. Courts do not exist for their own sake, but as adjuncts to, and safeguards of, the interests of the great body of the people who do the actual work of the world.

Those who seek and enjoy the advantages of life in a great city must take them with all the inevitable drawbacks that attend the concentration of a large population, and the industries in which that population is engaged. The air of open fields can not be hoped for in the streets of a commercial and manufacturing metropolis.

This record shows that in the same immediate neighborhood with these parties are many other structures using a good deal of steam, to produce which a large quantity of coal is consumed. It may be that if anthracite coal were used there would be less smoke; but may we interdict the use of practically the only fuel supplied by nature to several great States upon whose prosperity Chicago lives and grows? We need not now go into a consideration of that question.

Besides the structures before mentioned it is alleged, and not denied, that the Illinois Central Railroad is within about five hundred feet of the residence of the appellee, and that about four hundred locomotives pass thereon daily, and that the greatest amount of smoke in that neighborhood comes from those locomotives; yet the appellee swears that he has not suffered any damage from that cause.

It is obvious that smoke emitted from the chimneys of the hotel could do no harm to the appellee whenever the wind would blow it in a direction away from the place of his residence, and that not less than three-quarters of the compass would be open to the appellants; yet this injunction is absolute against dense smoke at all times.

Should this injunction stand it would be a foundation for interminable proceedings hereafter. It does not prohibit smoke (by itself smoke) but dense smoke. Dense is an adjective which, in the mouths of different witnesses, would, by some, be applied to steam somewhat darkly tinged, and by others be withheld from clouds black as Erebus. The affidavits in this record illustrate this difference of views.

The woman of Samaria, who, after a few minutes conversation at the well tells her neighbors, "Come, see a man, which told me all things that ever I did," would see the color of "the smoke of their torment" that "ascendeth up for ever and ever," or "of the great white throne," as her bias might happen to be.

Upon an application to punish for breach of this injunction there would be as great difficulty in arriving at the truth, as is so humorously described by Chancellor Walworth in De Rivafinoli v. Corsetti, 4 Paige 264, in relation to opera music. It is clear that the appellee can be entitled to an injunction only when the wind would turn the smoke upon him, or a calm would permit it so to settle.

On the whole case the facts are too doubtful, and the remedy too difficult and uncertain of application, to justify an injunction.

It is not the theory of the bill that the appellee is entitled to an injunction against smoke—all smoke—but only against dense smoke.

Who can anticipate the mind of the chancellor when he shall be called upon to compare that adjective or to separate smoke from the chimneys of the appellants from that emanating from other sources? This is a case for a chancellor to "consider whether he would not do a greater injury by enjoining than would result from refusing, and leaving

Milligan v. Nelson.

the party to his redress at the hands of a court and jury."
Richards' Appeal, 57 Pa. St. 105.

The decree is reversed and the cause remanded with directions to the Superior Court to dismiss the bill at the cost of the appellee. Reversed and remanded.

Mr. Justice Waterman, dissenting.

I think that the decree in this cause should be reversed and the cause remanded for a modification of the injunction.

In a growing city such as is Chicago, injunctions of this kind should not be made perpetual.

The character of neighborhoods so change here that the doing of that which is a nuisance at a particular place, five years thereafter may cease to be, there, such. Injunctions of this kind should, therefore, in rapidly growing and changing towns, be for limited periods, or leave should be given in the order, to, after a certain time, apply for a dissolution or modification of the injunction.

The bill in this case is brought by an individual, not by the representatives of the public; the decree therein should have reference only to the rights of the complainant in respect to the premises in the enjoyment and use of which the complainant has been injured. It is not merely the emitting of the dense smoke from the chimneys of appellant that has damaged the complainant; it is because, as found by the decree, the air in and about his premises has been and is filled with dust and soot issuing from the chimneys of said hotel, to complainant's annoyance and discomfort; because " the soot falling from the chimneys of said hotel has sifted through the doors of complainant's dwelling house so that complainant could not keep the draperies, carpets, etc., in his house free from soot;" and because "when the wind blew from said hotel building in the direction of complainant's dwelling house he could not open his windows without having dust, smoke and soot enter into his said dwelling house to the great damage of his furniture, draperies, etc., and to the physical discomfort and annoyance of his family," and because " it is impossible for him to keep his furniture, etc.,

free from soot, and that the porch, steps and roof of complainant's said dwelling house could not be kept clean or free from the soot and dust proceeding from appellant's said chimney," that complainant has suffered damage. It is on account of the doing of these things, an injury and nuisance to complainant in the use and enjoyment of his said premises, that he is entitled to relief; and the injunction should restrain the doing of these things. The restraint should not be in this case against the emitting of dense smoke, for it does not appear that with the wind in certain directions such emission would be a nuisance or injury to complainant. Kerfoot v. People, No. 180, October term, 1893, Ill. App.; Attorney General v. Newberry Library, 51 Ill. App. 166.

The casting of smoke and soot into and upon the premises to the injury of furniture and draperies, and the physical annoyance and discomfort of his family is a nuisance; and appellee is entitled to be protected therefrom the same as appellant would be entitled to protection from noxious and unwholesome odors emitted from an establishment for rendering dead horses into oil, converting their hides into leather, and their hoofs into glue, should appellee's premises be converted into such a factory. Laflin v. Tearney, 131 Ill. 326; Calef v. Thomas, 81 Ill. 480; Ottawa Gas Co. v. Thompson, 39 Ill. 600; Harmon v. City of Chicago, 110 Ill. 406; Ross v. Butler, 19 N. J. Eq. 298; Wood on Nuisance, Sec. 505; Rex v. Waterhouse, L. R. 72, B. 545; Crump v. Lambert, L. R. 3 Eq. 409; High on Injunctions, Sec. 773; Wahle v. Reinbach, 76 Ill. 326.

The maxim *sic utere tuo ut alienum non lœdas*—so use your own property as not to injure that of another, is as applicable to the great hotel of appellant as to the small dwelling of appellee, and restricts the pouring of soot and smoke upon the premises of another in the same way that it would restrain appellee from driving the guests of this hotel away by sickening odors arising from the carrying on of a lawful business. This hotel is situated in a residence neighborhood, and it is fair to presume that its proprietors desire that such should continue to be the character of its

surroundings; that they would strenuously object to the erection about it of packing houses, soap factories and tanneries.

Being in a residence neighborhood, complainant has a right to be protected in the enjoyment of his dwelling house, from such things as are incompatible with the physical comfort and health of his family, and are nuisances.

It is not a sufficient answer for appellants, in effect, to say that considering the magnitude and nature of their establishment they have done, and are doing, the best they can, unless they use hard coal, to prevent appellee from being annoyed, his physical comfort destroyed, and his furniture ruined by the smoke from their chimneys, and that other establishments in that vicinity also send out a great deal of smoke. Cartwright v. Gray, 12 Grant's Chy. (Ont.) 399–404; Crump v. Lambert, *supra;* Cropley & Son, Limited, v. Lightowler, L. R. 3 Eq. Cas. 279; 1 Wood's Law of Nuisance, 694; Hilliard on Injunctions, 341; 1 High on Injunctions, Sec. 746; 2 Story's Eq. Jur., 11th Ed., Sec. 927 d.