58   33
88   513

## Valentine Densch v. Theophilus Scott.

1. INJUNCTION—*To Restrain a Tenant from Plowing up a Meadow.*— A bill for an injunction to restrain a tenant from plowing up a meadow will not be sustained where it appears that the complainant has an ample remedy at law.

2. SAME—*Costs on Dissolution—Solicitor's Fees.*—The design of the statute is to allow solicitor's fees for actual services performed in procuring the dissolution of the injunction and not for services done generally in the case.

3. DAMAGES—*Dissolution of Injunction.*—"Lost time at court and procuring witnesses," are not proper elements of damages to be allowed upon the dissolution of an injunction.

4. SAME—*What Are Not Proper.*—Where an injunction to restrain a tenant from plowing up a meadow on the demised premises was improperly issued, upon an application for damages on its dissolution, *it was held* that loss of profits for not being allowed to cultivate the land in corn, keeping an idle horse five months, and loss on sale of hogs, etc., were too remote and speculative.

**Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

W. S. MORRIS, attorney for appellant.

ROSE & SLOAN, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellant exhibited his bill for injunction against appellee to the master in chancery of Pope county, alleging he is the owner of certain described lands conveyed to him by Ann Calkins, who had, prior to his purchase, leased it to appellee; that the lease is in force, and by its terms the lessee was to cultivate the land in a husband-like manner, but nevertheless said appellee has threatened to and has turned upon a certain meadow on said land a lot of hogs; that said hogs will, if again turned upon said land, destroy said meadow by rooting it up, which will cause damage to said farm lands of fifty dollars; that orator avers and verily be-

lieves defendant intends to destroy said meadow entirely by so turning his hogs upon the same or by plowing it up, and this will be so done by him, not because it is good husbandry so to do, but from a spirit of wantonness and spite against orator, who is without remedy except in a court of chancery. Prays for a writ of injunction enjoining defendant and all persons under him from destroying said meadow, or in any wise interfering with the same, except for the purpose of gathering the crops from the same. It is then next alleged that orator will be irreparably injured if he is required to give notice of this application for this injunction as defendant is now threatening to do said injury; asks that the writ be issued at once and for such other relief as to equity belongs. No answer is called for by the bill.

The master ordered the issuance of the writ as prayed for, and the same was issued and served February 13, 1892.

On March 7, 1892, appellee filed his answer, admitting that appellant is owner of the land, but subject to an unexpired lease to defendant, made by appellant's grantor before the conveyance, by the terms of which lease he was to cultivate said land in a good and husbandlike manner; that he turned hogs on the meadow situated on said land, and would do so again if not restrained by legal process, and that the hogs would root up said meadow, but not destroy it or damage said farm land; that he intends to destroy the so-called meadow by pasturage and by plowing it up, and avers that this would be good husbandry and not in violation of the terms of his lease; denies any intention to destroy said meadow in a spirit of wantonness and spite, as charged, and denies complainant is without remedy or is entitled to the relief as alleged; then sets up that said meadow is old and unproductive, has not been plowed for many years, is overgrown with weeds and briars, and the land would yield a larger rental to his landlord and remuneration to defendant by plowing and cultivating in corn, and that he has the right to pasture it and plow it; that as a part of the consideration for accepting the said lease, it was agreed between him and his lessor, that said meadow should be plowed up

and other land sowed in grass, and that he is ready and willing to perform his part of the agreement; that when he was restrained he was preparing to plow it up for corn; sets up that he is damaged, by reason of its not being plowed, in the sum of $75, and loss in yield of corn $25, and by reason of being restrained from tearing up the meadow by pasturage he has already sustained $25 damage in and about procuring other pasturage for his hogs and cattle; makes said lease a part of his answer, and prays that his answer be taken as a demurrer. Replication to answer filed May 6, 1892. On the 25th of April, 1892, a motion to dissolve the injunction was overruled. On May 5, 1893, the court, by its final decree, dissolved the injunction and dismissed the bill at cost of Scott, and he took an appeal to this court.

On May 6, 1893, appellee filed suggestion of damages, and on February 1, 1894, filed an amended suggestion of damages. Court refused to allow any of the damages suggested, after hearing evidence, and decreed that appellee, Densch, pay the costs made in or about the motion, and that execution issue therefor. From this order he appealed to this court. Both appeals to be heard together.

The lease from Ann Calkins, Scott's grantor, to Densch, was dated January 1, 1890, expired in three years, and the meadow in question, containing eight to ten acres, was a part of the demised premises. By its terms, appellee was to attend to the farm and cultivate the same in a good and husbandlike manner, and to leave the same in as good condition as when he entered, usual wear and tear, and damage by the elements excepted. The rent reserved was one-fourth, delivered, of the wheat, oats, corn and potatoes, and one-third of the hay.

We think the court did not err in decreeing the dissolution of the injunction and dismissal of the bill. The bill on its face presented no sufficient ground for equitable relief, but fixed a sum of money as the measure of all the damage which would result from destroying the meadow, and no reason is alleged why this sum could not be recovered and collected by a suit at law. Aside from this, however, the

court was warranted in finding the material allegations of the bill were not proven by a preponderance of the evidence. The only remaining question is, did the court err in disallowing Densch any of the damages claimed in his amended suggestion, as follows:

Solicitor's fees in defense of the injunction suit, $50; loss in being prevented from cultivating the meadow in corn, $300; keeping idle horse five months, $20; loss by sale of hogs for want of corn, $200; lost time at court and procuring witnesses, etc., $50.

The court did not err in refusing to allow solicitor's fees. The design of the statute is to allow such fees for actual services performed to procure the dissolution of the injunction and not for attorney's fees for all that has been or may be done in the case, or for services securing dismissal of bill on final hearing. Lambert et al. v. Alcorn, 144 Ill. 329, 330; Blair v. Reading, 99 Ill. 600; Elder et al. v. Sabin, 66 Ill. 131; Lerne v. Osgood, 57 Ill. 346; Collins v. St. Clair, 51 Ill. 328.

The damages claimed for "loss in being prevented from cultivating meadow in corn," were also properly disallowed. The evidence was conflicting on the question whether or not the crop of hay raised on the meadow in 1892 was of greater net value than the net value of a crop of corn would have been, if planted that year on the same land. This conflict the court settled against Densch, and we can not say the evidence did not warrant the finding that the net proceeds of the hay raised that year, which Densch received, did not equal at least the net value of his share of a crop of corn, had it been planted that year on the same land; hence, he suffered no loss by being prevented from cultivating the meadow in corn, and this was a sufficient reason for disallowing said item; and, so holding, we deem it unnecessary to discuss the sufficiency of another reason urged, viz., that such damages are too remote and speculative, and of the same character held to be so in Alexander v. Colcord, 85 Ill. 326, and other cases cited. The items, "keeping idle horse five months," and "loss by sale of hogs for want of corn," were properly disallowed. "Lost time at court and

procuring witnesses" could not be allowed as an element of damages. Collins v. St. Clair, *supra*. The judgment and decree of the court, dissolving the injunction and dismissing the bill on final hearing, and decree disallowing any damages, are affirmed.