## Christiana Wende v. Socialer Turn Verein.

1. Injunctions—*To Restrain Noises, etc.*—A court of equity can not regulate the noise of a city by injunction. If the owner of premises makes noises which result in an injury to the property of another person, the remedy is at law, and not in chancery by injunction.

**Bill for Injunction.** — Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

Louis Weber, attorney for appellant.

Christian Meier, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellant filed a bill asking for a perpetual injunction to restrain the appellee from permitting any one to play upon its bowling alley, and from permitting loud and boisterous noises to be made by persons there—and other relief.

At the close of the appellant's evidence the judge said : "I can not regulate the noise of a city by injunctions, and I am not going to try it. If these people have made any noise there that injured this property, the property of the complainant here, she has her remedy at law; she can go before a jury, and if she can satisfy a jury that her property has been damaged by their act, or by their improper use of their premises, then she can get a verdict."

That is a terse expression of the views of this court.

The appellant may sue and recover damages in a court of law for any abuse of the right of the appellee to use its own property, but choosing to live in a great city, she must take such life with the inevitable concomitant of city amusements. She can not require a court of chancery to enjoin them, nor to take charge of their conduct, with the certain following of applications to punish for contempt, with or without cause.

The decree dismissing the bill is affirmed. Milligan v. Nelson, 51 Ill. App. 441; same case, names reversed, 151 Ill. 462.