Milligan v. Nelson.

---

## Charles F. Milligan and George H. Bliss v. Walter C. Nelson.

1. INJUNCTION—*Right to Damages on Dissolution, Statutory.*—The right to recover damages for the improper issuing of an injunction is statutory.

2. DAMAGES—*What May be Recovered upon the Dissolution of an Injunction.*—A party may recover on the dissolution of an injunction the solicitors' fees which he has paid or become obligated to pay for services rendered in obtaining the dissolution of an injunction, but not for those rendered in the general defense of the suit.

3. SAME—*Intention of the Statute.*—The statute providing for the assessment of damages upon the dissolution of an injunction is intended only to reimburse the defendant for moneys which he has paid or become liable to pay upon a motion to dissolve a temporary injunction.

Order, striking from the files a suggestion of damages. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 4, 1900.

KRETZINGER, GALLAGHER & ROONEY, attorneys for appellants.

HENRY W. WOLSELEY, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This appeal is from an order overruling a motion to assess damages, and striking from the files a suggestion of damages, in a suit for perpetual injunction commenced by appellee against appellants. Upon affidavits filed and arguments of counsel a temporary injunction was granted. Afterward the cause was submitted to the court for final hearing upon the bill, answer and replication, and upon affidavits filed, which by agreement of the parties were given the weight of depositions, and the court below, without further argument, made the temporary injunction perpetual, pursuant to the prayer of the bill.

Upon an appeal by appellants to the Appellate Court the decree of the Superior Court was reversed and the cause remanded with directions to dismiss the bill. (Milligan v. Nelson, 51 Ill. App. 441.) Thereupon appellee prosecuted an appeal to the Supreme Court where the judgment of the Appellate Court was affirmed. (Nelson v. Milligan, 151 Ill. 462.) Upon filing the remanding order in the Superior Court the cause was then re-docketed November 20, 1894. By leave of court appellants filed suggestion of damages January 28, 1895, asking to be allowed expenses and attorneys' fees incurred "in and about procuring the dissolution of the writ of injunction in said cause." Upon the motion of appellee the motion by appellants to assess damages, etc., was denied, and said suggestions were stricken from the files and said bill dismissed in obedience to the mandate of the Supreme Court.

The specific prayer of said bill was for an injunction which was followed by a prayer for general relief. The right to recover damages for the improper issuing of an injunction is statutory. (Hurd's Stat., Ch. 69, Sec. 12.)

" The rule is that a party may recover as damages on dissolution of an injunction, the solicitors' fees which he has paid or become obligated to pay for services rendered in obtaining a dissolution of the injunction, but not those rendered in the general defense of the suit."

No motion was made to dissolve the temporary injunction. The suggestion of damages contains no claim for expenses or solicitors' fees in or about a dissolution of a temporary injunction. Such suggestions refer, and can only refer, to expenses and solicitors' fees incurred and rendered in the general defense of the suit.

" Such services are as clearly distinguishable from those rendered for the mere purpose of getting rid of an injunction *pendente lite*, in case one has been issued, as they are in cases where relief of a different character is sought." Lambert v. Alcorn, 144 Ill. 330.

The statute is intended only to reimburse the defendant for moneys which he has paid or become liable to pay upon a motion to dissolve a temporary injunction. Lambert v. Alcorn (144 Ill. 330); Densch v. Scott, 58 Ill. App. 33; Kotz v. Glos, 53 Ill. App. 487; Jevne v. Osgood, 57 Ill. 346.

This is not a suit to recover upon an injunction bond, or for damages caused by the improper issuing of an injunction. In such a case a different rule would apply.

. The judgment of the Superior Court is affirmed.