21b 565
d166a349

THE ASSOCIATION FOR THE RELIEF OF RESPECTABLE, AGED INDIGENT FEMALES IN THE CITY OF NEW YORK *vs.* JOHN P. BEEKMAN, adm'r &c. and others.

It is a general rule that a suit to enforce a trust can only be maintained by the trustee or the *cestui que trust.*

As against a third person the trustee, he being regarded as the representative of the *cestui que trust,* is the proper party to bring the action. As against the trustee himself, the suit can only be maintained by the *cestui que trust.*

Where the trust is for a public charity, there being no certain persons who are entitled to it, so as to be able to sue in their own names as *cestuis que trust,* a suit for the purpose of having the charity duly administered must be brought in the name of the attorney general.

A testator, by a codicil to his will, after revoking the residuary bequest in his will, and after giving to certain charitable incorporations legacies amounting in the aggregate to $19,000, declared as follows: "After the expiration of ten years, or sooner, if my executors find there will be sufficient funds, I would wish a public dispensary, as in New York, on a similar plan, for indigent persons, both sick and lame, to be attended by a physician, elected to the establishment, at their own homes, and also daily at the dispensary; my executors to consult judicious men in Albany respecting the same, and funds enough to carry on the building and yearly expenses; and should there be any overplus, my executors, within fifteen years, may give it to any other charitable society or societies for relieving the comfortless and indigent, they shall select." By another codicil, after making some changes in the legacies already given to charitable institutions, the testator directed as follows: "After satisfying the provision in my will, in regard to the dispensary mentioned in my will, or the first codicil thereto, I give and bequeath all my estate then remaining, if any there shall be, to my executors in trust, that they shall and may apply the same in such sums, and in such time and times as in their discretion they shall think fit and proper, to the treasurer or other officer having the management of the pecuniary affairs of any one or more societies for the support of indigent, respectable persons, especially females and orphans, and for the use of said society or societies, hereby intending to give to my executors full discretionary power as to the disposition of the same, but so that the same shall be applied to objects of charity." The will and codicils having been proved, all the executors named therein renounced, and letters of administration with the will annexed were granted to the widow of the testator, who afterwards died, and B. was the surviving administrator of the estate. " The Association for the relief of aged, indigent Females in the city of New York" filed a complaint against B., in which it was alleged that the executors named in the will had done nothing in execution of the trust committed to them, nor any thing except their renunciation as executors, to divest themselves of their trusts. And it was insisted that it was still their duty to require the administrator to account, and to dispose of the property for the charitable purposes mentioned in the will.

The complaint alleged that the plaintiff was an incorporated society, whose object was the relief of respectable, aged indigent females, in the city of New York, and that its funds and property had been faithfully devoted to that object; and the prayer for relief was that it might be determined whether the executors named in the will were still trustees under the will, and authorized to carry the same into execution; and if it should be adjudged that they were still such trustees, that they be directed to execute the provisions of the will and codicils, &c.; or if it should be determined that the executors named are not still such, and were not authorized to execute the trusts, that then new trustees might be appointed to execute the trusts; and that the administrator be directed to render an account of the estate, &c.; and to pay over the amount to the executors as trustees under the will, or to such substituted trustees. *Held*, on demurrer, that the plaintiff had no interest whatever in the execution of the alleged trust; and the complaint was dismissed.

THIS was a demurrer to a complaint. The facts, so far as they relate to the question presented by the demurrer, are as follows: William Barthrop, who resided at Kinderhook, in the county of Columbia, died in October, 1838, leaving an estate of the estimated value of $200,000. He left a will, by which he appointed David Van Schaick, Teunis Harden and John Bain, defendants in this action, his executors, and in case any of the persons named should decline to serve as such executors, then Abraham I. Van Alstyne and John M. Pruyn, who are also defendants in this action, were appointed in their place. The will bears date the 9th day of October, 1837. After making several devises and bequests, to a small amount, to various persons, the testator bequeathed the residue of his estate to certain charitable incorporations. By a codicil, bearing date the 12th day of May, 1838, the testator revoked the residuary bequest contained in his will, and after giving to the same institutions, of which the plaintiff in this action was one, legacies amounting in the aggregate to the sum of $19,000, he proceeds to declare as follows: "After the expiration of ten years, or sooner, if my executors find there will be sufficient funds, I would wish a public dispensary, as in New York, on a similar plan, for indigent persons, both sick and lame, to be attended by a physician, elected to the establishment, at their own homes, and also daily at the dispensary; my executors to consult

judicious men in Albany respecting the same, and funds enough to carry on the building and yearly expenses; and should there be any overplus, my executors, within fifteen years, may give it to any other charitable society or societies for relieving the comfortless and indigent, they shall select."

By another codicil bearing date the 13th of October, 1838, after making some changes in the legacies already given to charitable institutions, the testator directs as follows : " After satisfying the provision in my will, in regard to the dispensary mentioned in my will, or the first codicil thereto, I give and bequeath all my estate then remaining, if any there shall be, to my executors in trust, that they shall and may pay and apply the same in such sums, and at such time and times as in their discretion they shall think fit and proper, to the treasurer or other officer having the management of the pecuniary affairs of any one or more societies for the support of indigent, respectable persons, especially females and orphans, and for the use of said society or societies, hereby intending to give to my executors full discretionary power as to the disposition of the same, but so that the same shall be applied to objects of charity."

The will and codicils having been proved, all the executors named therein renounced, and, on the 23d of August, 1839, letters of administration with the will annexed were granted to Anna Barthrop, the widow of the testator, who has since died, and John P. Beekman, who is now the surviving administrator of the estate. It is stated in the complaint, that the executors named in the will have done nothing in execution of the trusts committed to them, nor any thing except their renunciation as executors, to divest themselves of their trusts, and it is insisted that it is still their duty to require the administrator to account and to dispose of the property for the charitable purposes mentioned in the will. The plaintiff alleges that it is an incorporated society, and that the object of its incorporation is expressed in its corporate name, it being for the relief of respectable, aged, indigent females, in the city of New York, and that its funds and property have been faithfully devoted to that object. The prayer for relief is, that it may be deter-

mined whether the executors named in the will are still trustees under the will, and authorized to carry the same into execution; and, if it should be adjudged that they are still such trustees, that they be directed to execute the provisions of the will and codicils, and dispose of the estate according to the charitable intent of the testator; or, if it should be determined that the executors named are not now such trustees, and are not authorized to execute the trusts, that then some suitable persons may be appointed to execute the trusts, and carry the charitable intent of the testator into full effect, under the direction of the court, and to take possession of the estate for that purpose; and that the administrator be directed to render an account of the estate and all the interest and accumulations thereon, and that he pay the same over to the executors as trustees under the will, or such other trustees as may be appointed by the court.

The defendants, John P. Beekman, and Thomas Beekman who was made defendant as the administrator of Anna Barthrop deceased, demurred to the complaint, on the ground that the facts stated do not constitute a cause of action. The action was brought to a hearing upon this issue.

*J. H. Reynolds*, for the plaintiff.

*John Van Buren*, for the defendants.

HARRIS, J. A difficulty presents itself at the very threshold of this case, which I have found myself unable to surmount. It is as to the right of the plaintiff to sue at all. The object of the suit is to establish a trust for charitable uses and to have it executed. The theory of the complaint is, that the testator, by his will, devoted the bulk of his estate to charity, and that the trustees appointed by him for that purpose, and those to whom the administration of the estate has been committed, have failed to carry his intentions into effect. It is a general rule, that a suit to enforce a trust can only be maintained by the trustee or the *cestui que trust*. As against

a third person, the trustee, he being regarded as the representative of the *cestui que trust,* is the proper party to bring the action. As against the trustee himself, the suit can only be maintained by the cestui que trust. Where the trust is for a public charity, there being no certain persons who are entitled to it, so as to be able to sue in their own names as cestuis que trust, a suit for the purpose of having the charity duly administered, must be brought in the name of the attorney general. In such a case that officer, as representative of the public, would occupy the relation of *cestui que trust* to trustees. (*Calvert on Parties in Eq.* 309. *Shelford on Mortmain,* 414, citing *Monill* v. *Lawson, Viner's Abr. tit. Char. Uses, H, pl.* 11.)

Where the suit is brought by the heir or next of kin, or any one else interested in the estate, for the purpose of avoiding the trust, it is not always necessary to make the cestui que trust a party. In such a case, as in the case of a suit brought by the trustee to establish the trust, the trustee is regarded as the representative of the cestui que trust. It is only where all the trustees concur in an alleged abuse of the trust, and there are no certain persons interested in the execution of the trust, as in the case of a public charity, that the suit must, *ex necessitate rei,* be instituted by the attorney general. (*Bromley* v. *Smith,* 1 *Simons,* 8, *cited in Shelford on Mortmain,* 420.)

In this case, the plaintiff has no interest whatever in the execution of the alleged trust. It is neither a trustee nor a *cestui que trust.* The most that can be said of it is, that in case the trust should be established and executed, *it is possible* that the plaintiff might be made a beneficiary of the trust. The same is equally true of ten thousand other societies. The direction of the will is, that the residuary fund shall be paid to the financial officer of any one or more societies for the support of indigent respectable persons; giving to the trustees full discretionary power as to the disposition of the same. In the exercise of this power of appointment, the trustees are not restricted to any territory or country. Wherever societies of the description specified are to be found, there the testator's bounty may be bestowed.

Such societies exist as far, at least, as the bounds of christendom extend. How then can the plaintiff, though a corporation whose object is such as is described in the will, and therefore capable of being made a *cestui que trust*, be allowed to implead the parties in interest and compel them to litigate the questions involved in this suit? As well might the heir expectant bring his action to establish his inheritance before the death of his ancestor. All that can be said of either is, that they occupy a position which renders it possible that, at some future period, they may have an interest in the questions they seek to litigate. Principle and precedent are alike decisive against such an action. I do not feel at liberty, therefore, to proceed further in the examination of the questions which were discussed by counsel upon the argument, and which, when the case shall come properly before the court, it may become necessary to determine. The demurrer must be allowed, and the complaint dismissed with costs.

[Columbia Special Term, October 9, 1854. *Harris*, Justice.]