JAMES F. SHERMAN, Respondent, *v.* JAMES SKUSE et al., as Trustees under the Will of FRANCIS N. SKUSE, Deceased, Appellants, Impleaded with Another.

1. TRUST — ENFORCEMENT IN EQUITY OF MEDICAL CLAIM AGAINST INSOLVENT BENEFICIARY'S INCOME.    Where the income of a testamentary trust fund, or so much thereof as may be necessary, is to be applied to the support of the beneficiary, and the place and the manner of his support is not restricted by the trust, a claim for necessary medical services rendered upon the request of the beneficiary, who was in the habit of occasionally

indulging in alcoholic excesses, and at such times required the services of a physician, which services were rendered with the knowledge of one of the trustees, may be enforced in equity to the extent of the unexpended income in the hands of the trustees applicable to his support, when it appears that the beneficiary has become insolvent, and it does not affirmatively appear that the trustees had furnished him with all that was necessary in respect to medical attendance, since under such circumstances it may be assumed that the services were rendered with the knowledge and tacit consent of the trustees, who may be regarded as mere custodians of the unexpended income in their hands which it was their duty to apply to the payment of necessaries furnished to them for the beneficiary or to the beneficiary himself with their knowledge and consent, and which equity will regard as having been so applied, the court simply directing a formal payment out of the fund which the trustees should have made without such direction.

2. CLAIM UNENFORCEABLE AT LAW.    The action is properly brought in equity, because, *first*, the trustees can only be made liable to the extent of the income in their hands applicable to that purpose, and a court of law would have no jurisdiction to render an appropriate judgment; *second*, the prayer for an accounting, although purely incidental, is necessary in order to determine whether or not there is any unexpended balance of income.

*Sherman* v. *Skuse*, 45 App. Div. 335, affirmed.

(Argued February 14, 1901; decided March 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, made November 22, 1899, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. A. Sutherland* for appellants.    This is not a case wherein the *cestui que trust* is entitled to have income as such paid over to him, nor where the amount the *cestui que trust* is to receive each year is specified in the will, or ascertainable by any process of computation.    The entire interest which Frank Skuse, the *cestui que trust*, had in the property in the hands of the trustees is to compel his support therefrom at their hands.    (Chaplin on Trusts, 583 ; *Pool* v. *Pool*, 1 Hill, 580 ; *McKillip* v. *McKillip*, 8 Barb. 552.)    The action can-

not be maintained upon the theory that the trustees owe any duty to the plaintiff or are in any manner accountable to the plaintiff because of their duty to support the *cestui que trust*. (Tyler on Inf. & Cov. 107; *Angel* v. *McLellan*, 16 Mass. 31; *Connolly* v. *Hull*, 3 McCord L. 6; *Bainbridge* v. *Pickering*, 2 W. Bl. 1325; *Elrod* v. *Myers*, 2 Head. 30.) A benefactor may certainly provide for the maintenance of a friend, without exposing his bounty to the debts or imprudence of the beneficiary. (*Holdship* v. *Patterson*, 7 Watts, 547; *Nichols* v. *Eaton*, 91 U. S. 725; *Hyde* v. *Woods*, 94 U. S. 523; *Wetmore* v. *Truslow*, 51 N. Y. 338; *Fisher* v. *Taylor*, 2 Rawle, 33; *Leavitt* v. *Beirne*, 21 Conn. 1; *Shankland's Appeal*, 47 Penn. St. 113.)

*Henry M. Hill* for respondent. The provisions of the will for the beneficiary's support are inoperative. (*Forman* v. *Whitney*, 2 Abb. Ct. App. Dec. 163; *Matter of Riley*, 4 Misc. Rep. 338.) The beneficiary had the right to employ the plaintiff as his physician. (*McArthur* v. *Gordon*, 126 N. Y. 597; *Holden* v. *Strong*, 116 N. Y. 471.) A court of equity alone has jurisdiction of the case. (*Roberts* v. *Ely*, 113 N. Y. 128; *Campbell* v. *Foster*, 35 N. Y. 361; *Husted* v. *Thomson*, 158 N. Y. 328; 2 Redf. on Wills, 433.) The plaintiff is entitled to recover for his services out of the income of the property set apart for the support of the beneficiary. (Tyler on Inf. & Cov. § 64; Schouler on Dom. Rel. § 337; *Barnum* v. *Frost*, 17 Gratt. 398; *Wetmore* v. *Wetmore*, 149 N. Y. 520; *Roberts* v. *Ely*, 113 N. Y. 128.)

WERNER, J. This action is brought to compel the defendant trustees to account for the property, effects, income and interest received by them to which the defendant Frank Skuse has title, or in which he has an interest under the will of Francis N. Skuse; and to account for all payments made therefrom by said trustees, and out of any balance remaining in their hands to pay the plaintiff's claim against said Frank Skuse for medical services rendered by the former to the lat-

ter. Francis N. Skuse, the father of the defendant, left a will by the sixth, seventh, eleventh, twelfth and thirteenth clauses of which he gave to his sons, the defendants James, Thomas and Richard as trustees, a large amount of real and personal property in trust for the defendant Frank. The direction of the sixth clause of the will is that this property shall be managed and cared for by the trustees and the income, or so much thereof as shall be necessary, they shall use for the support of the testator's son, Frank Skuse, during his life; and the balance, if any, is directed to be safely invested by the executors. Said sixth clause then continues with a direction authorizing said trustees to transfer any or all of said property to said son Frank whenever in their judgment it shall be for his interest to control the same. It also provides that in the event of Frank's death, without having obtained title to said property, it is to be equally divided among the testator's sons, James, John, Thomas and Richard. It is conceded that the trustees have never conveyed to said beneficiary the title to any of the property given to them as trustees. The reason for this form of testamentary provision for the benefit of Frank is found in the undisputed testimony that he is addicted to periodic and excessive indulgence in intoxicants which renders him at times incapable of prudently managing himself or his affairs. The history of the plaintiff's claim is embraced in the following facts. At various times between May 4th, 1894, and August, 1896, the plaintiff, who is a physician, furnished medicines and rendered medical services to the defendant Frank. Under this head the trial court has found "that the services and medicines so rendered and furnished by the plaintiff for the defendant Frank Skuse were rendered and furnished to him for his personal bodily ailments, and were such services and medicines as were proper and necessary to be rendered by the plaintiff to the defendant Frank Skuse as his physician; that such services were partly rendered at the house of the defendant Richard Skuse, who had knowledge thereof, and that they were so rendered upon the request of the defendant Frank Skuse." There were fur-

ther findings to the effect that the defendant Frank Skuse was insolvent, and that the defendants James, Thomas and Richard, as such trustees, have in their hands unexpended income applicable to the support of the defendant Frank. These findings were not disturbed by the Appellate Division, and are, therefore, binding upon this court. The learned trial court in dismissing the complaint suggested that there are only two forms of action to which these defendants as trustees can be subjected. *First.* To an action at law upon their undertaking which may be either express or implied ; *second,* to a suit in equity brought by the beneficiary against the trustee to enforce the trust. The opinion of the Appellate Division reversing the judgment of the Special Term, contains expressions which seem to indicate that the reversal is in part based upon the supposed analogy of this case to that class of cases arising upon trusts under which the beneficiary takes title to the income and in which the creditor seeks to have the surplus, if any, applied to the satisfaction of his claim. We are unable to concur in either of these views. The first of these alternatives we need not discuss because this is not an action at law brought upon the promise of the trustees, either express or implied. If this were in a strict sense an action to enforce the trust it would not come within the rule laid down in *Female Association* v. *Beekman* (21 Barb. 565), relied upon by the learned trial court in dismissing the complaint. In that case the plaintiff had absolutely no interest in the trust or in the application of the income. Here the plaintiff is directly interested in the enforcement of the trust, and in the application of a part of the income to the payment of his debt, unless it must be held that the plaintiff can only recover against the insolvent beneficiary. Neither can we subscribe to the conclusion of the learned Appellate Division that there is some analogy between the case at bar and the cases of *Williams* v. *Thorn* (70 N. Y. 271) and *Tolles* v. *Wood* (99 N. Y. 617). These cases arose upon trusts under which the beneficiaries took title to income the surplus of which, beyond what was necessary for their support, was sought to be reached by credit-

ors.   They are not applicable here because they are governed by statutory provisions which place them in a class by themselves. (Real Prop. Law, sec. 78.)   Nor is there any analogy to the case at bar in those cases of implied contracts which arise out of the relations of husband and wife, or parent and child. The liability in such cases is based primarily upon the duty of the husband or parent to support the wife or child ; and, incidentally, upon the principles of implied agency which, subject to . certain limitations that need not be discussed here, govern these several relations.   Having eliminated from the case the principles and authorities which do not apply, it remains to ascertain upon what theory, if any, this action can be maintained in its present form.   To this end we will first briefly refer to the provisions of the trust and to the circumstances out of which the plaintiff's claim arose.   As we have seen, the trust is not one directing payment of income to the beneficiary.   Here the income, or so much thereof as may be necessary, is to be applied to the beneficiary's support. Under such a trust all the income, beyond what is necessary for the support of the beneficiary, goes to those who are to take it under the will if validly disposed of, and if not so disposed of then to those entitled to the next eventual estate.   (*Read* v. *Williams*, 125 N. Y. 561.)   In this case the result would be practically the same in either event, because under the will the trustees, with another brother, are made the residuary legatees, and they are also those who would take the bulk of the next eventual estate.   We have, therefore, a case in which the utmost interest of the trustees in the welfare of the beneficiary is inevitably interwoven with a degree of self-interest that will invite, if it does not require, a close scrutiny of their dealings with the trust estate.   Plaintiff's claim is for medical services and medicines.   These are necessaries of life, and the trial court has found that they were "necessary and proper." There is no direct finding that these trustees were derelict in their duty to supply the beneficiary with necessaries; nor do we think such a finding essential to plaintiff's right to recover. It is to be remembered that this is not a trust for the care and

support of an utterly incompetent person. This beneficiary in his sober periods is presumably fully capable of taking care of himself. The evidence shows that the effect of his occasional excesses has been to reduce him periodically to a "condition bordering on collapse." It requires no argument to prove that under such stress assistance to be effective must be immediate. Under such circumstances it was probably natural and perhaps necessary for this beneficiary to seek such aid as was nearest at hand. As this trust was expressly created for the benefit of this unfortunate man it was undoubtedly sought to be adapted to the conditions which rendered it necessary. Therefore, instead of providing in set terms for the place and the manner in which this son was to be supported the testator left these details to be governed in part by the wishes of the beneficiary, and as to the rest by the discretion of the trustees. The former was undoubtedly at liberty to live where he chose, so long as his choice did not involve needless expense (*McArthur* v. *Gordon*, 126 N. Y. 610), and the latter had the right to decide whether they would furnish the beneficiary with the necessaries to which he was entitled, or whether they would permit him to obtain the same upon their credit, or by both of these methods as convenience might dictate. (*Holden* v. *Strong*, 116 N. Y. 471.) In the light of these circumstances, and in the absence of an explicit finding that these trustees had furnished the beneficiary with all that was necessary in respect to medical attendance, we need not go outside of the record to assume that when the plaintiff's services were "partly rendered at the house of the defendant Richard Skuse, who had knowledge thereof," they were rendered with the consent of the trustees. Let us suppose that the beneficiary, instead of living with his brother, had lived with a stranger, as he had the right to do under this trust. Let us assume further that the trustees, in the exercise of their discretion, had permitted the beneficiary to provide himself with some necessaries which they might have furnished him if they chose. Ought there to be any doubt as to the liability of the estate for such a debt to the extent of the funds properly applicable to its payment?

It would seem not.    How does this case essentially differ from the one supposed?    The appellants dwell with much stress upon the fact that these services were rendered at the sole request of the beneficiary.    There can be no doubt that such services, rendered at the request of the trustees, would render them personally liable in an action at law.    But what is, or should be, the rule when third persons have furnished necessaries directly to the beneficiary with the knowledge and tacit consent of the trustee?    As we have seen, the beneficiary is insolvent and the trustees are the residuary legatees of that part of the income not devoted to the former's support.    The trustees cannot be sued at law, because they have made no contract, and it is said the trust can only be enforced by the beneficiary.    Under such conditions it is quite clear that equity ought not to lend itself to a purely technical defense, unless there is no escape.    At this point we are met by the argument that the defense interposed is not inequitable; that it would be alike destructive to trusts of this character and inimical to the interests of such beneficiaries to permit the latter to bind the trust estate by improvident contracts entered into for alleged necessaries which may be wasted or dissipated. It is farthest from our purpose to make any decision which will undermine the solid foundation upon which trusts of this character are based.    We intend to go no further than equity, as applied to the facts in this record, will permit us to go. Briefly stated in its simplest analysis, we have here the case of a meritorious claim, the only defense to which is predicated upon the assumed absence of a remedy.    "Equity suffers not a right without a remedy."    Although there is a dearth of both analogy and authority upon the subject, the task of finding an appropriate remedy is in this particular instance not so difficult as it may be made to appear.    Referring again to the language of the trust, we see that the testator has directed the income of the trust estate, or so much thereof as may be necessary, to be applied to the support of the beneficiary.    It is one of the fundamental maxims of equity that " equity looks upon that as done which should be done."    Under the testa-

tor's direction referred to, these trustees may be regarded as
the mere custodians of any income in their hands which
should properly be applied to the payment of necessaries fur-
nished to them for the beneficiary ; or to the beneficiary him-
self with their knowledge and consent. In theory of equity
it is already applied. The court simply directs the formal
payment out of said fund which the trustees should have made
without such direction. It seems, therefore, that in any view
which may be taken of the nature of this case it is the duty
of equity to interpose in aid of the plaintiff. If we should
hold, as the appellants contend, that this is an action to enforce
the trust, there would be no obstacle to the further conclusion
that the plaintiff has such an interest in that portion of the
trust fund applicable to the payment of necessaries as to give
him standing in a court of equity. But we do not think that
this is in reality an action to enforce the trust. It may more
properly be regarded as an action to collect the plaintiff's
claim for necessaries out of funds in the hands of the defend-
ant trustees, which the testator has directed to be applied to
that purpose. The action is properly brought in equity, *First*,
because the trustees can only be made liable to the extent of
the income in their hands applicable to that purpose, and a
court of law would have no jurisdiction to render an appro-
priate judgment; *second*, because the prayer for an account-
ing, although purely incidental, is necessary in order to enable
even a court of equity to decide whether the plaintiff is
entitled to recover or not. He might have succeeded in satis-
factorily proving his claim, and yet not have been entitled to
recover because there were no funds. Neither the diligence
of counsel nor the labor of the court have brought to light a
case just like the one at bar. The relation most nearly analo-
gous to that of trustee and *cestui que trust* is that of guardian
and ward. Both trustees and guardians become personally
liable at law upon their contracts for necessaries made for the
benefit of the *cestui que trust* and ward respectively; neither
trustee nor guardian is personally liable on contracts for neces-
saries made by the *cestui que trust* or ward respectively. If

45

the estate of either *cestui que trust* or ward is ample to pay for the necessaries supplied to them it is but right that it should be applied to the satisfaction of the just claims of the creditors who have furnished the same. This has been sought to be accomplished in various ways in other states. In Massachusetts the guardian's bond has been held liable in an action at law where the guardian himself was not liable as upon contract. (*Cole* v. *Eaton*, 8 Cush. 587; *Conant* v. *Kendall*, 21 Pick. 36.) But these decisions were based upon statutory provisions which have no application here. In Virginia it has been held that a guardian's bond may be subjected in equity to the payment of a creditor's claim for necessaries furnished to the ward. (*Barnum* v. *Frost*, 17 Gratt. 398.) In Georgia it has been decided that a creditor for necessaries furnished to a trustee for his *cestui que trust* upon the faith of the estate may file a bill in equity to obtain payment for such necessaries to the extent of the income. (*Hatcher* v. *Massey*, 71 Ga. 794.) A similar case is *Kupferman* v. *McGehee* (63 Ga. 251). These cases are all so different from the one at bar that they are useful only for the purpose of showing that where similar questions have arisen in other states the courts have found some way of doing justice.

The order of the Appellate Division should, therefore, be affirmed and judgment absolute rendered for the plaintiff, upon appellants' stipulation, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, LANDON and CULLEN, JJ., concur.

Ordered accordingly.