WARBURTON, Administrator, Appellant, vs. WILLIAMS, Administrator, Respondent.

*January 14—February 3, 1903.*

*Wills: Construction: Rights of beneficiary: Estates of decedents: Claim for support.*

1. A testator expressly charged his estate with the support of his son Henry "during his natural life," and expressly provided that in case said son survived his mother, and remained unmarried, as he did, "all of his real and personal estate remaining" should go to his said son "during his natural life, for his said Henry's support," and at his death to be divided equally between the testator's "legal surviving heirs, share and share alike." *Held,* that said son Henry, by virtue of such provision of the will, had the absolute right to such support out of his father's estate, independently of any contract with any one authorized to represent the estate.

2. In such case, the rights of the testator's heirs in his estate are subject and subordinate to Henry's right to support.

.3. Plaintiff, a grandson of said testator, and nephew of Henry, after the death of testator's widow, furnished said Henry with his support, etc. On the death of Henry, plaintiff was appointed administrator of Henry's estate and filed his claim therein for such support, and, on its allowance, filed it against testator's estate. *Held*, that plaintiff was entitled to reasonable compensation out of the estate of testator for the support so furnished.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

It appears from the records and is undisputed: That Frederick Relfe died November 22, 1887, leaving a last will and testament, which was admitted to probate January 17, 1888, and which contained, among other things, the following provisions:

"I give and bequeath unto my beloved wife, Sarah, during her natural life, all my estate, both real and personal, of which I may die possessed, with full power to sell, convey, and dispose of all and any of said property and invest and reinvest the proceeds thereof as to her may seem best for the comfort and support of herself and our son Henry B., *whose support during his natural life is herewith charged against said estate* until the death of said Henry B., unless he, said Henry B., shall hereafter marry, in which latter case said Henry B. shall be placed upon the same footing as my other children to a share in my said estate, and if my son Henry B. shall survive my said wife, and be unmarried, all of said real and personal estate remaining shall *go to said son Henry B. during his natural life,* for his, said Henry's support, and at his death, if he be then unmarried, the remainder of said estate to be divided equally between my legal surviving heirs, share and share alike, and to the living heirs of my immediate heirs, as the case may be. . . . Said estate subject to all my just debts, and the expense of my last sickness and funeral and burial. And furthermore all transfers, sales, and conveyances to be made by my said wife as aforesaid, amounting to the sum of twenty-five dol-

lars or upwards, at any one time, shall be first approved by the executor hereinafter named, except, of course, such property as by law becomes the property of a widow absolutely."

Therein he named his son Thomas as sole executor of his last will and testament. At the time of his death, Frederick Relfe left him surviving his widow, Sarah, and seven children, to wit, Henry B., Thomas, Otto, Sarah (mother of the plaintiff), Fred, Mary, and Jane. Thomas, so named as executor, failed to qualify, and the defendant *Francis Williams* was appointed administrator with the will annexed, in his place. The widow provided for the comfort and support of said Henry B. during her life, as provided in the will. Henry B. died March 3, 1899, without ever having any children or being married. Upon the death of the widow, and from March 26, 1895, to March 3, 1899, Henry B. resided with, and was kept, cared for, and boarded by, the plaintiff. Upon the death of Henry B. the plaintiff was appointed the administrator of his estate, and as such filed a claim against the estate of Henry B., deceased, for the support so furnished by him, and the same was allowed against the estate of said Henry B. Thereupon the plaintiff, as such administrator, filed such claim so allowed against the estate of Frederick Relfe, deceased, the same was disallowed by the county court, and upon appeal from the judgment of such disallowance the same was disallowed by the circuit court, where the judgment of the county court was affirmed. From the judgment entered thereon accordingly, the plaintiff brings this appeal.

The cause was submitted for the appellant on the brief of *A. C. Shaw,* and for the respondent on that of *Francis Williams, in persona.*

CASSODAY, C. J. The plaintiff was the grandson of Frederick Relfe, deceased, and the nephew of his intestate, Henry B. Relfe. The latter was seemingly unable to care for him-

·self, and so was provided for in his father's will. The plaintiff's grandmother had during her life cared for and supported Henry B. as directed in her husband's will. Upon her death the plaintiff, apparently relying upon assurance of some of his uncles and aunts and mother that the estate of his grandfather was charged with the support of his uncle Henry B., took him to his own home, and there furnished him with support and maintenance during the balance of his life. Some of his uncles and aunts made some small payments on account of such support, but after the death of Henry B. such obligations to pay were repudiated, and some of them denied the liability of the estate. The court found that neither the plaintiff nor his intestate had ever contracted with that estate, or with any one authorized to bind that estate, for such support, and for that reason disallowed the claim of the plaintiff for such support. The testator, Frederick Relfe, had expressly charged his estate with the support of Henry B. "during his natural life," and expressly provided that in case Henry B. survived his mother, and remained unmarried, as he did, "all of said real and personal estate remaining" shall go to his "son Henry B. during his natural life, for his said Henry's support, and at his death . . . be divided equally between" the testator's "legal surviving heirs, share and share alike." Henry B., by virtue of such provisions of the will, had the absolute right to such support out of such estate, independently of any contract with any one authorized to represent the estate. The right of the children of the testator in such estate was necessarily subject and subordinate to such right of support so expressly provided for. The ruling of the trial court in effect modifies the provisions of the will mentioned, and gives the entire estate to the testator's children, freed from such charge for support. The plaintiff, the grandson of the testator, furnished the support thus secured by the will. His equitable right to the same out of the estate is certainly superior to the rights of those who took

the estate subject to such charge. If authorities are wanted
to so plain a proposition, they may be found in the decisions
of this court, as well as other courts. A few are cited: *Batch-
elder v. Batchelder,* 20 Wis. 452; *In re Goodrich's Estate,* 38
Wis. 492; *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155; *Jones
v. Jones,* 66 Wis. 310, 28 N. W. 177; *Burnham v. Norton,*
100 Wis. 8, 75 N. W. 304; *Derse v. Derse,* 103 Wis. 113, 79
N. W. 44; *Swarthout v. Swarthout,* 111 Wis. 102, 86 N. W.
558. Thus in one of the cases cited the will provided that
the testator's wife should " 'have a home and good support as
long as she lives on the home premises, board and clothing,
money for reasonable expenses, or, at her option, $200 per
year while she remains my widow, and $100 thereafter dur-
ing her natural life.' *Held,* that the intention here mani-
fested is that the home farm shall be primarily chargeable
with the maintenance of the widow." *Estate of Goodrich,
supra.* We must hold that the plaintiff is entitled to reason-
able compensation for the support so furnished out of the
estate of Frederick Relfe, deceased, and that the trial court
and the county court improperly rejected the same.

*By the Court.*—The judgment of the circuit court is re-
versed, and the cause is remanded, with directions to reverse
the judgment of the county court, and for further proceed-
ings in accordance with this opinion.