No. 19,617.

SARAH A. POND, as Executrix, etc., et al., *Appellees*, v. WILLIAM H. HARRISON et al., *Appellees*, and JAMES R. HARRISON et al., as Trustees, etc., *Appellants*.

### SYLLABUS BY THE COURT.

WILLS—*Bequest of Real Estate—"Spendthrift Trust"—Mechanic's Lien Did Not Attach to the Realty*. A testator devised a quarter section of land to trustees to be handled in their discretion, the net income to be devoted to the support of his son, but to be exempt from his control and from seizure for his debts. The trustees allowed the beneficiary to occupy the property and enjoy its revenue. A dwelling house in which he lived with his family was nearly destroyed by fire. He rebuilt it, using for the purpose the proceeds of an insurance policy taken out by him, but failed to complete payment for the lumber. *Held*, that a mechanic's lien could not attach to the revenue of the property because of the provision of the will regarding exemption, nor to any part of the building, because it had all become a part of the realty.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed November 6, 1915. Reversed.

*G. P. Aikman, C. L. Aikman, George J. Benson*, and *T. A. Kramer*, all of El Dorado, for the appellants.

*A. L. L. Hamilton, B. R. Leydig*, and *H. W. Schumacher*, all of El Dorado, for the appellees.

Pond v. Harrison.

The opinion of the court was delivered by

MASON, J.: The owner of a quarter section of land devised it to two of his sons in trust, the income to be used in their discretion for the support of a third son (William H. Harrison) and his wife during their lives. The trustees allowed Harrison and his family to occupy the property and enjoy its use, living in a dwelling house thereon. The house was nearly destroyed by fire. The only insurance was carried by Harrison in his own name. He collected and used the money in rebuilding. One of the trustees knew of the reconstruction while it was going on, and knew that the lumber used was furnished to Harrison by the plaintiffs, but neither had anything to do with the transaction. A balance of the bill for the lumber, amounting to a little over $200, remained unpaid. The firm that furnished it filed a mechanic's lien against the property, and in an action to foreclose·it were awarded a judgment from which the trustees appeal.

The lien was awarded solely against the interest of William H. Harrison and his wife, which was defined to be that of tenants at will, with a right to the use of the real estate, or to its rental value, for life. The trustees make no objection to the formal declaration of a lien against the interest of the occupants of the property, but insist that as they are merely tenants at will, the purchaser under a sale based thereon could acquire nothing of any substantial value.

No lien was adjudged against the land itself, or the interest of the trustees, and none could have been, since the statute requires the material to have been furnished under contract with the owner. His knowledge of its being furnished is not sufficient. (*Lumber Co. v. Washington*, 80 Kan. 613, 103 Pac. 80; *Potter v. Conley*, 83 Kan. 676, 679, 112 Pac. 608; 27 Cyc. 74; Boisot on Mechanics' Liens, § 293.)

Assuming that the right of William H. Harrison and his wife to enjoy the income of the property is of such character that it might otherwise be reached through the machinery of the mechanic's lien statute, the question arises whether it is protected therefrom by the terms of the will. The testator's purpose was thus expressed:

"To give said trustees the privilege to expend said net income at such time or times and in such manner as they or either of them may in his

judgment consider most to the benefit, advantage and comfort of my said son and his wife and the survivor of them and said net earnings shall not be subject to the order or assignment of or by said William H. Harrison or his wife or the survivor of them, nor shall the same be subject to pay their debts on execution, attachment or otherwise, but is a humane provision of mine to keep them from absolute want or becoming a public charge or charges in their declining years."

These words are sufficient to create a "spendthrift trust," rendering the income of the property exempt from control by the Harrisons, and from seizure for their indebtedness, a device the validity of which is recognized in this state. (*Sherman v. Havens*, 94 Kan. 654, 146 Pac. 1030.) Circumstances might perhaps arise in which the income of such a trust, while still in the hands of the trustee, would be chargeable with the debts of the beneficiary. Trustees holding a fund the income of which was to be used by them for the support of an improvident person, have been required in equity to apply a part of it in payment of necessary medical services rendered to him with their knowledge. (*Sherman v. Skuse*, 166 N. Y. 345, 59 N. E. 990.) But here it can not be said that the trustees were under any enforceable obligation to rebuild after the fire, or to pay for the expense thereof, out of the earnings of the property, although to have done so would have been in accordance with the spirit of their trust. The lien of the plaintiffs therefore can not attach to the income of the property.

It is said that a mechanic's lien may attach to a building, apart from the land (27 Cyc. 226), although the decisions to that effect are for the most part based upon statutes materially different from ours. It attaches to a leasehold interest, and even where this is only that of a tenant at will the lien covers any building or improvement which the tenant would have a right to remove. (*Hathaway v. Davis & Rankin*, 32 Kan. 693, 5 Pac. 29; *Lumber Co. v. Malone*, 8 Kan. App. 121, 54 Pac. 692; *Ombony v. Jones*, 19 N. Y. 234; Boisot on Mechanics' Liens, § 295; Phillips on Mechanics' Liens, 3d ed., §§ 191, 193.)

The question whether the plaintiffs have a lien upon the building, or any part of it, depends upon whether a right of removal existed in the tenants. As found by the court, the dwelling house originally consisted of a two-story main portion, which was entirely destroyed by the fire, and a one-story ell, which was saved. In the reconstruction a new two-story

Pond v. Harrison.

part was erected, to which the old one-story part was joined, a second story being built over one room, the whole structure constituting one dwelling. Some old material, not of much consequence, was used in the reconstruction, and some of the new material purchased from the plaintiffs was used in the second story over a part of the ell. The new part could only be separated from the old by tearing it away, but this would leave the old part in as good or better condition than it was in just after the fire, but uninhabitable.

The right of the occupant of real property to remove improvements which he has placed upon it is more favored between tenant and landlord than in the case of any other relationship. (13 A. & E. Encycl. of L. 639.) The sole test has sometimes been said to be whether an injury to the freehold would result from a removal, but this is regarded as too broad a statement (*supra*, p. 647), although supported by authority so far as relates to trade fixtures (*supra*, p. 642; *Van Ness v. Pacard*, 27 U. S. 137). The presumed or "legal" intention of the occupant is often controlling in determining whether his improvement is to be deemed a part of the realty. (13 A. & E. Encycl. of L. 597-599.) A purpose to increase the value of the real estate at his own expense is not readily to be attributed to the ordinary tenant at will, but here the circumstances are exceptional in that the tenant, although having no ownership, reaps a benefit from the improvement, whether or not he remains in possession. Under the facts found the whole of the reconstructed building must be regarded as a part of the realty, no part of which is owned by the tenant or subject to removal by him. We are constrained to hold that the mechanic's lien attaches neither to the land or its income, nor to the building, and since a sale of the leasehold of a tenant at will would be entirely barren of practical result, the plaintiffs are without remedy against the property.

The judgment is reversed with directions to eliminate therefrom the portion determining the interest of Harrison and his wife to include a right to the occupancy or income of the property—a change which will render it ineffective.