In the Matter of the Estate of MARY A. BERRIEN, Also Known as MARY LYDDY, Deceased.

Surrogate's Court, Westchester County, May 22, 1933.

*John W. Olmstead,* for the petitioner.

*Charles G. Banks* [*Morgan H. Seacord* of counsel], for the executor.

SLATER, S. The New Rochelle Hospital Association petitioned the court, by petition filed March 17, 1933, to pay its claim against the estate of Mary A. Berrien, deceased. The executor of said Berrien estate filed his account of proceedings on April 25, 1933, in which he set forth the claim of said New Rochelle Hospital Association in the amount of $382.50, and the claim of Dr. Charles E. Haines, a balance due of $250, for medical treatment of William B. Thompson while in the said hospital. William B. Thompson's interest in the estate is pursuant to the fifth paragraph of the will which gives all the rest, residue and remainder of the estate to the executor in trust to invest and keep invested and pay the income " in such sum or sums, at such time or times, as my trustee in his judgment and discretion may deem necessary to provide for the comfort of my brother William B. Thompson, during his life. If the income aforesaid be insufficient in my trustee's judgment to provide for the comfort of my said brother and his burial, then in that case said trustee is directed to apply the principal."

Upon the brother's death, decedent divided the balance of said estate so held in trust, *if any remaining,* share and share alike, among the Kings Chapel Assembly, Mrs. Lillian Boxe and John M. W. Himmelman. The said Himmelman, residuary legatee in part, is the executor-trustee, so that the matter in question may be said to be, so far as he is concerned, interwoven with a degree of self-interest.

The claims have been rejected.

The major case upon the equitable question involved is *Sherman* v. *Skuse* (166 N. Y. 345). In this case the will directed the income to be used for the *support* of the testator's son. The provision of the will in the instant case goes further, and the *income* or the *principal* is to provide for the *comfort* of said beneficiary.

It appears that the beneficiary entered the New Rochelle Hospital on or about August 23, 1927, was operated on for acute appendicitis and remained there as a patient until the middle of December of the same year. The hospital bill was sent weekly to the executor herein. The testimony discloses that Himmelman, the executor, was at the hospital and directed the doctor to care for him. The beneficiary had some money of his own, and his agents or attorneys at Jamaica, Long Island, paid something to the hospital on account.

The doctor's bill originally was $500; $200 for the operation and

the balance for attendance. He received $250 on account from the agents of Mr. Thompson, the beneficiary.

The said hospital association's petition states that such care and treatment was necessary and was furnished with the knowledge and consent of the executor and trustee herein. This is denied by the executor-trustee.

The court took testimony in support of the claim of the hospital association and evidence in support of the doctor's bill.

Two questions are presented for decision: *First*, should any part of the claim be allowed; and *second*, the reasonableness of the claim, if allowed.

It is quite apparent that, when the brother beneficiary entered the hospital, there was no thought of looking to the money held in trust for him for payment of the services to be rendered. In fact, part payment was made by the beneficiary himself. It is all an afterthought looking to the estate, and it is now sought to be adapted to the conditions of the case. The court, in the *Sherman Case (supra)* asked the question: " But what is, or should be, the rule when third persons have furnished necessaries directly to the beneficiary with the knowledge and tacit consent of the trustee? "

Trustees cannot be sued at law, and now they enter a court of equity for relief. Was the care of the beneficiary so improvident, so devoid of necessaries for comfort, that the assets would be wasted or dissipated if the bills are paid? It seems to me that the just claim of these two creditors should be paid under the equitable rule of law set forth in *Sherman* v. *Skuse (supra)*.

We will now refer to the question of the reasonableness of the claim. The court will allow to Doctor Haines $100.

The claim of the New Rochelle Hospital is allowed for the balance due, $382.50.

The executor has on hand at the present time $176.08 in cash, and an uncollected deposit in the United States Bank, now in liquidation, of approximately $987.51. Deducting commissions, attorneys' fees and administration expenses, there will not be much left to pay the two claims. If the executor-trustee is short of money, he cannot be surcharged because the fault is that the claimants did not present their bills within the proper time and before other claims were paid.