Estate of Ray: Waukesha Spa, Claimant, Appellant, vs. First Wisconsin Trust Company, Trustee, Respondent.

*January 6—March 31, 1936.*

For the appellant there were briefs by *Lockney & Lowry,* attorneys, and *Richard N. Hunter* of counsel, all of Waukesha, and oral argument by *Mr. Hunter.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Paul R. Newcomb,* all of Milwaukee.

The following opinion was filed February 4, 1936:

ROSENBERRY, C. J. It is the contention of the claimant that the trustee is liable upon implied contract, relying upon such cases as *Grotjan v. Rice,* 124 Wis. 253, 102 N. W. 551, and other cases. In that case it was said:

"If a person labors for another, with that other's knowledge and consent, no rate of compensation being fixed and no express contract being made or request to do the work being shown, the law presumes, in the absence of evidence to the contrary, that such person expected to receive and such other to pay compensation for the services upon the basis of the reasonable value thereof."

This may be accepted as a correct statement of the law upon this subject. However, there is no allegation in the complaint, nor do we find any evidence in the record, which would sustain a finding to the effect that the trustee ever knew that claimant was rendering medical service to Miss Ray. The allegation of the claim is—

"that Miss Ray was aware that her condition required medical attendance and the services of physicians. . . . That said medical attendance and the services of said physicians were necessary for the support, maintenance and comfort of said Ida V. Ray."

We are cited to no authority, and we find none, which holds that the beneficiary of a trust can by the acceptance of services or goods create a liability against the trustee. No liability is claimed in this case against Miss Ray or her estate. If Miss Ray could not bind the trustee by express contract,

we are at a loss to understand how she could create a liability against the trustee by implication. Without deciding whether or not the rendition of bills weekly, which bills contain a statement that "All Bills Payable Weekly," constitutes, as the trustee claims, an account stated, it certainly gave the trustee no information that other services were being rendered to the beneficiary. The very basis of a claim upon implied contract is that goods or services were furnished at the special instance and request of the person sought to be charged, not of some other person who had no authority to create a liability against the person sought to be charged. We are cited to no case, and after diligent search we are unable to find any case, where a trustee has been held liable under the same or similar circumstances.

There is no claim in this case that the trustee had refused to execute the trust in accordance with the will of the testator, and the fact that the services furnished were necessary "for the support and maintenance as well as comfort" of Ida V. Ray is not sufficient to create a liability on the part of the trustee to pay therefor in the absence of knowledge that such services were being rendered. Under the provisions of the will it was the duty of the trustee, not that of the plaintiff, to provide for the support and maintenance as well as the comfort of Miss Ray.

*By the Court.*—Judgment affirmed.

The following memorandum was filed March 31, 1936:

PER CURIAM (*on motion for rehearing*). On motion for rehearing, in response to the statement contained in the opinion to the effect that a beneficiary of a trust cannot by the acceptance of services or goods create a liability against the trustee, the claimant cites Restatement, Trusts, § 157, and certain cases in support of the proposition there stated. We must begin our consideration of this matter with the fact in mind that the trust created for the benefit of Miss Ray by

her brother's will conferred a discretion upon the trustee. By the terms of the will the trustee was directed—

"to apply the income thereof, as may be necessary in its opinion, for the support, and maintenance as well as comfort of my said sister."

Restatement, Trusts, § 187, provides:

"Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion."

In the comment (p. 487) it is said:

"This rule is applicable where the trustee is under a duty to exercise a power but the extent or manner of its exercise is left to the judgment of the trustee. Thus, if the trustee is empowered to apply so much of the trust property as he may deem necessary for the support of the beneficiary and the trustee does not apply at least the minimum amount which could reasonably be considered necessary for the beneficiary's support, the court will compel the trustee to pay the beneficiary at least that minimum amount."

Restatement, Trusts, § 157, provides:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,

"(a) . . .

"(b) for necessary services rendered to the beneficiary or necessary supplies furnished to him."

The matter under consideration is specifically dealt with in Griswold, Spendthrift Trusts, p. 307, § 347:

"A physician who renders necessary medical services to the beneficiary of a spendthrift trust may enforce his claim for payment for these services against the trust estate. This should be true whether the services were rendered with the knowledge of the trustees or not. The physician who renders necessary services should not be relegated to the status of an ordinary creditor and denied recovery while the beneficiary enjoys his income unimpaired."

He cites the following cases in support of this statement, which we shall refer to briefly: *Sherman v. Skuse* (1901), 166 N. Y. 345, 59 N. E. 990, was a trust for support. The beneficiary was known to be subject to periodic alcoholic excesses, and at such time required the services of a physician. It was held that where there was unexpended income in the hands of the trustee, the beneficiary was insolvent, and it did not appear that the trustees had furnished him all that was necessary with respect to medical attendance, and that circumstances were such that it was assumed the services were rendered with the knowledge and tacit consent of the trustees, a court of equity would direct payment out of the funds.

In the case of *Matter of Berrien's Estate* (1933), 147 Misc. 788, 264 N. Y. Supp. 593, the will created a discretionary trust for the support of a brother of the testator. The beneficiary entered a hospital and was operated upon for acute appendicitis. The hospital bill was sent weekly to the executor. It appears that the executor was at the hospital and directed the doctor to care for him. The beneficiary had made part payment out of funds of his own. It was held by the court that under the doctrine of *Sherman v. Skuse, supra,* the remainder of the claim should be paid out of any funds in the hands of the executor.

*Pond v. Harrison* (1915), 96 Kan. 542, 544, 152 Pac. 655, dealt with a spendthrift trust, and the question was whether under the terms of the trust the claim for mechanic's lien against the property of which the beneficiary had the use was cut off by the terms of the will. The court, after referring to *Sherman v. Skuse, supra,* said:

"But here it cannot be said that the trustees were under any enforceable obligation to rebuild after the fire, or to pay for the expense thereof, out of the earnings of the property, although to have done so would have been in accordance with the spirit of their trust. The lien of the plaintiffs therefore cannot attach to the income of the property."

In *Pole v. Pietsch* (1884), 61 Md. 570, the will of the testator provided that the trustee should allow from time to time so much of the income from the trust created as they in their discretion should think proper for the education and support of minor children by a former marriage. One of the children died before becoming of age, and the physician who rendered medical service to the child filed a bill to compel payment for the amount due for his services. The court held that it could not interfere providing the discretion of the executors was honestly and reasonably exercised; that they must, however, act in good faith; and that under the circumstances of the case the trustees had not fairly and reasonably exercised their discretion. It appears from the facts stated in the case which cannot be recited here that the executors had acted most unreasonably in regard to furnishing needed support to the beneficiaries, and it was because of their refusal and neglect to furnish the necessary services that the court decreed payment to the claimant. It was a case of a controversy between a stepmother, who was one of the trustees, and a child by a former marriage.

*In re Frayer's Estate* (1935), 155 Misc. 811, 280 N. Y. Supp. 657, by the will of the testator a trust for support had been created. The clause contained a provision that if the income was not sufficient for support the principal might be invaded in the discretion of the trustees. In a rather lengthy clause the testator indicated his purpose to have the beneficiary provided for in comfort. The court said:

"It is now disclosed that Mrs. Harned died insolvent, and that her personal estate is not sufficient to pay the expenses of her funeral and last illness. It is obvious that the testator's intention has not been carried out. The payment of principal for the expenses of the beneficiary's illness is specifically authorized by the will of the decedent here. In view of the language employed by the testator, it is clear that he intended that the funeral expenses of the beneficiary should be a charge upon the principal of the trust."····

Since *Batchelder v. Batchelder* (1866), 20 Wis. * 452, 475, it has been consistently held that a trust for support will be enforced by a court of equity, the county court or circuit court, depending upon the facts of the particular case.

In *Warburton v. Williams* (1903), 116 Wis. 557, 93 N. W. 438, a distinction is made between a discretionary provision which gives the trustee a discretion with respect to support and maintenance and a provision which provides that the income derived from the trust fund shall be paid to the beneficiary. The interest of the beneficiary under a will which provides that the income shall be paid to him may be assigned and subject to claims of creditors. *Mangan v. Shea* (1914), 158 Wis. 619, 149 N. W. 378.

The cases cited sustain the Restatement, but do not sustain the statement made by Griswold or the position of claimant in this case.

There was no attempt made in this case to show that the trustee had in any manner or to any extent failed or neglected to perform its full duty and to carry out the provisions of the will under which it acted. It cannot be held under the facts of this case that there was any abuse of the discretion vested in the trustee. That the interest of a beneficiary in a trust fund or the income therefrom may be reached in a certain limited class of cases seems to be well established, but the facts of this case do not bring it within the purview of that rule of law. Here the claimant was rendering weekly bills; it never advised the trustee that it was rendering any other service than that charged for in the bills which upon their face seemed to include everything necessary for the comfort and maintenance of the beneficiary. If the claimant had furnished medical service, and at the end of the week or when the next bill was rendered, had included and charged therefor and the trustee had refused to pay a reasonable bill, an entirely different situation would have been presented. Here the claimant withheld from the trustee for seven years

any knowledge or information that it was furnishing anything for the maintenance and comfort of the beneficiary other than what was specified in its weekly statements. Any opportunity for the trustee to investigate or to exercise its discretion, which it was required to do in the interests of the parties entitled to the remainder of the income, was destroyed.

It may be argued that the trustee should exercise a reasonable discretion with respect to the bill covering a period of seven years as well as one covering a period of seven days. While this argument sounds plausible, it overlooks the fact that the trustee must be given reasonable opportunity for the exercise of the power conferred upon it. Under the facts in this case it had no such opportunity. There was no liability in a suit at law, and under the circumstances of this case a court of equity will not enforce payment out of income in the hands of the trustee.

On the motion it is also urged that in any event under the terms of the will the claimant should be awarded compensation for services rendered during the last illness. No claim of that character was filed. No such claim has been considered by the trial court or urged upon its attention. The claim was for $2,500 for approximately seven years' services. If a statement for services rendered during the last illness should be presented to the trustee, and it still has charge of the trust fund, the trustee might be warranted in making payment. Payment cannot be adjudged in this case; because the trustee has never been presented with such a claim, and has therefore never had an opportunity to pay or to refuse to pay it.

Motion denied with $25 costs.