John D. Bennett, S.
In this accounting proceeding, a construction has been requested as to the proper distribution of income in the hands of the trustees at the date of death of one of the life beneficiaries, Nancy Whitman Wadsworth.
Paragraph Third of decedent’s will provides in part as follows : ‘ ‘ All the rest, residue and remainder of the estate both real and personal, * * * I give, devise and bequeath to the executors of this my Will and trustees of my estate, upon trust * * * to apply so much of the net income as may be neces *643 sary to the proper support, maintenance and education of the children and of the descendants of the children of our marriage and to pay over the balance of such net income to the use of my said wife during her life, and after the death of my said wife, * * * to divide the principal of my said estate and the accumulations of income remaining in their hands as trustees among the surviving children and the descendants of deceased children of our marriage ”.
It is the contention of the petitioners that the income received by them as trustees prior to the death of Nancy Whitman Wads-worth, whose death terminated the trust, is not payable to her estate but to the testator’s two children.
The will created no undisposed-of surplus after payments for the support, maintenance and education of the children and the descendants of the testator, since any income remaining was expressly made payable to the testator’s wife, Nancy.
“ It is ordinarily the rule that the undisposed or surplus income of a trust must be paid to the persons presumptively entitled to the next eventual estate. Section 63 of the Beal Property Law so provides. However, it is also clear that where the language of a will under which a trust was created is so comprehensive as to include and dispose of such income, it should be distributed according to that provision of the will.” (Matter of Childs, 207 Misc. 1126, 1127.)
To the same effect the Court of Appeals in Sherman v. Skuse (166 N. Y. 345, 350) said: “As we have seen, the trust is not one directing payment of income to the beneficiary. Here the income, or so much thereof as may be necessary, is to be applied to the beneficiary’s support. Under such a trust all the income, beyond what is necessary for the support of the beneficiary, goes to those who are to take it under the will if validly disposed of, and if not so disposed of then to those entitled to the next eventual estate.”
Nor does the fact that the testator provided that “ the accumulations of income remaining in their hands as trustees ” were to be payable together with principal to the remaindermen require a holding that the remaindermen succeeded to the surplus income received by the trustees prior to the death of Nancy Whitman Wadsworth.
“It is not uncommonly provided in a will or other trust instrument that the income shall be paid to a beneficiary and that on his death the principal and accrued ’ or accumulated ’ income shall be paid to others. Under such a provision it is held that at least income which has been actually received by the trustee but which he has not paid to the life beneficiary is *644 payable to Ms estate and not to the beneficiaries in remainder. If it were held otherwise, the trustee by merely withholding income received by him, either intentionally or by mistake, would be enabled to deprive the life beneficiary of the income and to add it to principal.” (3 Scott, Trusts [2d ed.], § 235A, p. 1801.)
Under similar circumstances in Matter of Walbridge (192 Misc. 746, 748) the court said: “ If the words in the will ‘ undistributed income ’ were interpreted in their literal sense to mean all income in the hands of the trustee not yet paid over to the life tenant, the rights to the income would be dependent upon the punctuality of the trustee, and moreover, the provision would amount to an unlawful accumulation, and hence would be void. (Personal Property Law, § 16; Real Property Law, § 61; Matter of Watson, 144 Misc. 213, affd. as to this point 237 App. Div. 625 and 262 N. Y. 284, 300.) The words should be interpreted, if possible, so as to render the provisions of the will valid and effective.”
Since any accumulation of income by the trustees would be void, it would necessarily follow that any surplus income must then be disposed of according to the directions of the will. As stated in Matter of Watson (144 Misc. 213, 233, mod. 237 App. Div. 625, mod. 262 N. Y. 284): “ The rule is well settled that, where direction for an accumulation is void and there is some other and legal disposition of the rents' and profits, the statute does not apply; and, in such case, the direction for accumulation should be eliminated from the will. The direction to accumulate in the will can be stricken out and there still remains a valid disposition of the rents and profits. (Crawford v. Dexter, 178 App. Div. 764, 775; affd., 224 N. Y. 586.) ”
The valid disposition, which here remains, of any undistributed income held by the trustees prior to the death of Nancy Whitman Wadsworth must, according to the provisions of the will, be distributed to the representatives of her estate, and the court so holds.
The attorneys’ fee is fixed in the amount requested. The incidental relief requested is granted.
The account will be settled as filed, and the will is construed in accordance with the foregoing.
Settle decree on five days’ notice.